IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUSAN MARIE COFFEY THOMPSON, | * | |
| Plaintiff, | * | |
| vs. | * | Case Number: 17-244 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | * * | |
| Defendant. | * | |

## NOTICE OF REMOVAL

Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its undersigned counsel, with full reservation of all defenses, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files its Notice of Removal of this cause from the Circuit Court of Mobile County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division. In support of the removal of this action, State Farm sets forth the following short and plain statement showing the grounds for removal:

### INTRODUCTION

1.  This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases. *See* 28 U.S.C. §§ 1441(b), 1446(b).

2. Plaintiff Susan Marie Coffey Thompson (hereinafter "Plaintiff") instituted Civil Action No. CV-2017-901078, styled *Susan Marie Coffey Thompson v. State Farm Mutual Automobile Insurance Company, et. al.*, on April 26, 2017, against State Farm in the Circuit Court of Mobile County, Alabama.  Pursuant to 28 U.S.C. § 1446(a), State Farm attaches as **Exhibit A** a true and correct copy of all process, pleadings, and orders served on State Farm in this action.

3. In the Complaint, Plaintiff states claims for underinsured motorist benefits. A copy of the Complaint is attached as **Exhibit B**.  Plaintiff alleges in her Complaint that she is entitled to underinsured benefits and that State Farm has not rendered those benefits.  The Complaint seeks compensatory damages and punitive damages in excess of the jurisdictional threshold of the court.

## NOTICE OF REMOVAL IS TIMELY

4. Plaintiff instituted this action on April 26, 2017 in the Circuit Court of Mobile County, Alabama (Exhibit A).  The summons and original Complaint were served upon State Farm on May 1, 2017.  See Alabama SJIS Case Detail attached as **Exhibit C**. The original Complaint was the initial pleading received by State Farm setting forth the claims for relief upon which this action is based.  State Farm is filing this Notice of Removal within thirty days of the receipt of the initial pleadings setting forth the claim for relief upon which this action is based.  Therefore, the Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## THIS CIVIL ACTION IS REMOVABLE

5.      This action is removable pursuant to 28 U.S.C. § 1441(a) because it is a civil action of which this Court has original jurisdiction and because State Farm is removing this action to the District Court of the United States for the district and division embracing the place where the action in pending.

6.      The Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and because complete diversity of citizenship exists between Plaintiff and State Farm.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PLAINTIFF AND THE DEFENDANT

7.      Upon information and belief, Plaintiff is, and was, at the institution of this civil action, a resident citizen of the State of Alabama. **Exhibit D**.  For purposes of diversity jurisdiction, Plaintiff is a citizen of the State of Alabama.

8.      State Farm is, and was at the institution of this civil action and the filing of this removal, a corporation organized and existing under the laws of the State of Illinois, having its principal place of business in Bloomington, Illinois.  As a result, State Farm is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress related to the removal of causes.  **Exhibit E**.

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

9. Although there is no specific demand for an amount certain, it is clear that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. In the Complaint, Plaintiff claims compensatory and punitive damages in excess of the jurisdictional threshold of the court, plus interest and costs. The demand does not provide a specific reference to the amount in controversy. Other evidence shows that the amount in controversy exists.

11. Plaintiff's attorney, in letters dated March 9, 2016 and September 19, 2016, made demands for policy limits. See attached **Exhibits F and G**. Exhibit G, the letter of September 19, 2016, included documentation concerning a finding of disability from the Social Security Administration which Plaintiff contends resulted from the automobile accident described in Exhibit B.

12. Plaintiff is insured under four policies of automobile insurance from State Farm; namely, policies 1599626, 1599627, 1599628 and 1599629, each providing underinsured benefits of $50,000.00.[1] **Exhibit H**.

13. Policy limits are therefore $200,000.00.

14. If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. *Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1061 (11th Cir. 2010). In some cases, this burden requires

---

[1] Pursuant to *Code of Alabama*, 1975, § 32-7-23(c), Plaintiff is allowed to stack the UM coverages up to three coverages on one policy. There is no limit to the number of policies an insured may stack. *State Farm Mutual Automobile Insurance Company v. Fox*, 541 So. 2d 1070 (Ala. 1989).

the removing defendant to provide additional evidence demonstrating that removal is proper. *Id*.

> Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount. Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Roe*, 613 F. 3d at 1061 – 62 (citations and quotation omitted).

15. In this case, Plaintiff has made a demand for policy limits which are $200,000.00. In addition, Plaintiff contends she was disabled as a result of the automobile accident clearly indicating a contention that her injuries and damages were substantial. Punitive damages are also claimed, and in determining the amount in controversy, punitive damages are also considered. *Tapscott v. Ms. Dealer Serv. Corp.*, 77 F. 3d 1353 (11th Cir. 1996).

16. It is therefore clear from a preponderance of the evidence that the amount in controversy exceeds the court's jurisdictional limit.

**THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISIFED**

17. As set forth above, this Notice of Removal is filed within thirty days of service of the Summons and Complaint upon the Defendant.

18. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Southern District of Alabama is the appropriate court for filing a notice of removal from the Circuit Court of Mobile County, Alabama, where this action is pending.

19. The Defendant will file with the Clerk of the Circuit Court of Mobile County, Alabama, a copy of this notice and certifies that it will promptly give notice of removal to all adverse parties as required by law.

WHEREFORE, State Farm desiring to remove this case to the United States District Court for the Southern District of Alabama, Southern Division, being the district and division of said Court for the County in which the state court action is pending, prays that the filing of this Notice of Removal with the Clerk of this Court and a copy with the Circuit Court of Mobile County, Alabama, shall effect the removal of this suit to this Court.

> s/ James B. Newman
> JAMES B. NEWMAN (NEWMJ8049)
> Attorney for Defendant State Farm
> Mutual Automobile Insurance Company

OF COUNSEL:
HELMSING, LEACH, HERLONG,
    NEWMAN & ROUSE
POST OFFICE BOX 2767
MOBILE, ALABAMA  36652
251-432-5521
Email:  jbn@helmsinglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that I served the foregoing via United States Mail, properly addressed and postage prepaid, on the following:

> Samuel P. McClurkin, IV
> Post Office Box Drawer 2187
> Daphne, Alabama  36526

This 31st day of May, 2017.

> s/ James B. Newman
> OF COUNSEL

521807